**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colleen Engquist,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-21-00373-PHX-SPL<br><br>**ORDER** |

   Plaintiff challenges the denial of her application for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. This is Plaintiff's second appeal to the District Court.

   Plaintiff applied for disability insurance benefits on July 9, 2008, and supplemental security income on January 15, 2009 (AR at 722, 771).[1] Her claims were initially denied on November 7, 2008, and again upon reconsideration on February 3, 2009 (AR at 59, 771). Plaintiff testified at administrative hearings on May 5, 2010 (AR at 608) and November 9, 2010 (AR at 635), after which the Administrative Law Judge ("ALJ") found Plaintiff was not disabled (AR at 772). The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the agency's final decision (AR at 800). Plaintiff appealed, and the decision was vacated by the District Court and remanded for further proceedings (AR at 771–91).

---

[1] Administrative Record.

On remand, Plaintiff testified at a third hearing on February 19, 2014 (AR at 800), and the ALJ again found Plaintiff was not disabled (AR at 797–811). This time, upon review, the Appeals Counsel vacated the decision and remanded the case to the ALJ with specific instructions to: (1) Consider Plaintiff's carpel tunnel syndrome; (2) Fully address treating, non-treating, and non-examining source opinions of record; (3) Evaluate new ongoing medical treatment records; and (4) Give further consideration to Plaintiff's maximum residual functional capacity during the entire period at issue (AR at 816–17).

On April 26, 2017, Plaintiff testified at a fourth hearing (AR at 688), and on March 28, 2018, the ALJ issued a partially favorable decision (AR at 683–715) finding Plaintiff was disabled beginning April 1, 2014 (AR at 715). After repeated attempts to obtain a decision (AR at 677–83, 666–67), the Appeals Council finally declined to assume jurisdiction three years later on April 27, 2021 (AR at 659). Plaintiff then filed the present action in this Court (Doc. 1).

On appeal, Plaintiff argues: (1) the ALJ failed to adjudicate the correct period of disability (Doc. 23 at 13); (2) the ALJ erred in the evaluation of medical opinions (Doc. 23 at 13–20); (3) the ALJ erred in rejecting Plaintiff's symptom testimony (Doc. 23 at 20–25); and (4) the ALJ failed to resolve apparent conflicts with the Dictionary of Occupational Titles (Doc. 23 at 25–27). The Commissioner concedes that the ALJ has again erred in issuing its decision but contends the case should be remanded for further proceedings, rather than for an award of benefits.

The Social Security Act "makes clear that courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with *or without* remanding the cause for a hearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)). "Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits." *Rustamova v. Colvin*, 111 F.Supp.3d 1156, 1164 (D. Or. 2015). This is especially true "where the ALJ has repeatedly failed to meet its burden at step five of the sequential analysis." *Id.* In fact, "allowing the Commissioner a [fourth] opportunity to try

to meet [their] burden at step five would create the very 'heads we win; tails, let's play again system' of disability benefits adjudication that the Ninth Circuit has repeatedly cautioned against." *Id.* (internal quotation marks omitted) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)); *see also Vieira v. Saul*, No. 18-cv-04960-RMI, 2020 WL 2615009, at *11 (N.D. Cal. May 21, 2020) ("It should also go without mention that the case authorities in this Circuit do not support remanding this case to give the Commissioner *another* opportunity to meet his burden.") (emphasis added); *Davis v. Saul*, No. 19-cv-03714-RMI, 2020 WL 3060415, at *5 (N.D. Cal. June 9, 2020) ("It needs to be noted that the Commissioner is not entitled to repeatedly bounce a case back and forth between the different levels of reviewing tribunals until he eventually applies the proper legal standards to Plaintiff's claims, fairness demands an expeditious review process."). Accordingly,

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated and remanded** for the immediate award of benefits.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 31st day of August, 2022.

Honorable Steven P. Logan
United States District Judge